# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, | Crimnal No. 2:23-cr-00363-RMG-1 |
| v. | |
| Tyronjay Gregory Smith, | **ORDER AND OPINION** |
| Defendant. | |

This matter is before the Court on Defendant's motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12. (Dkt. No. 39). The Government opposed the motion (Dkt. No. 42), and Defendant replied. (Dkt. No. 43). For the reasons set forth below, the Court denies Defendant's motion to dismiss.

## I.  Background

Defendant Tyronjay Gregory Smith was charged under 18 U.S.C. § 922(g)(1) with knowingly possessing a firearm and ammunition after previously being convicted of a felony. (Dkt. No. 3). Defendant moved to dismiss the Indictment on the ground that 18 U.S.C. § 922(g)(1) is "facially unconstitutional because it violates [Defendant's] right to keep and bear arms as protected by the Second Amendment." (Dkt. No. 39 at 1). The Government opposed the motion (Dkt. No. 42), and Defendant replied. (Dkt. No. 43). The matter is ripe for the Court's review.

## II. Legal Standard

### A. Federal Rule of Criminal Procedure 12(b)(3)

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to move before trial to dismiss an indictment when there is "a defect in the indictment. . . including: (v) failure to state an offense."  Defendant argues that 18 U.S.C. § 922(g)(1), the basis of the single-count

1

Indictment, is unconstitutional; therefore, the Indictment must be dismissed. Even though Defendant failed to cite a specific provision of Rule 12, since his motion is a pretrial motion alleging a substantive defect, the Court construes Defendant's motion as if made under Rule 12(b)(3).

    B. Second Amendment

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend II. In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022), the Supreme Court explained the appropriate standard for analyzing claims under the Second Amendment:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.

**III. Discussion**

"[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126. Stated differently, the Constitution does not protect conduct that is not covered by the Second Amendment's plain text. To determine whether the Second Amendment's plain text covers conduct, the Supreme Court has "relied on the historical understanding of the Amendment to demark the limits of the exercise of that right." *Id.* at 2128.

This Court must "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. Fortunately, "[i]n some cases, that inquiry will be fairly straightforward." *Id.* When "demark[ing] the limits on the

2

exercise of that right," *id.* at 2128, the Supreme Court reasoned that "nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Although not central to its holding, this reasoning in *Heller* indicates that a firearm regulation prohibiting the possession of firearms by felons is consistent with the Second Amendment's text and historical understanding. In fact, laws prohibiting felons from possessing firearms was the Supreme Court's first example of a "presumptively lawful regulatory measure[]." *Id.* at 626 n.26.

Defendant brings a facial challenge to 18 U.S.C. § 922(g)(1), which prohibits any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. . . [from] possess[ing] in or affecting commerce, any firearm or ammunition." A facial challenge requires Defendant to "establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Based on the reasoning set forth above, the Court finds that 18 U.S.C. § 922(g)(1) is valid and consistent with the Second Amendment's text and understanding. In other words, the Court finds that the right of a felon to possess a firearm is not a right secured by the Second Amendment.

Unsurprisingly, many other courts have reached the same conclusion when faced with a constitutional challenge to 18 U.S.C. § 922(g)(1) post-*Bruen*. *See, e.g.*, *United States v. Hughes*, No. 2:22-cr-00640-DCN-1, Dkt. No. 54 at 13 (D.S.C. June 27, 2023) (finding that "at least twenty district courts have found § 922(g)(1) constitutional since *Bruen* was decided"); *United States v. Ingram*, 623 F. Supp. 3d 660, 664 (D.S.C. 2022) (denying Defendant's motion to dismiss based on the unconstitutionality of 18 U.S.C. § 922(g)(1)); *United States v. Riley*, 635 F. Supp. 3d 411, 424 (E.D. Va. 2022) (finding that "[a] plain reading of the text demonstrates that

'the people' remains limited to those within the political community and not those classified as felons.").

## IV. Conclusion

Based on the reasons set forth above, the Court denies Defendant's motion to dismiss. (Dkt. No. 39).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel  
Richard M. Gergel  
United States District Judge

August 16, 2023  
Charleston, South Carolina